# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
---------------------------------------- X
SONIA QUINTEROS,

                               Plaintiff,

                      - against -

BJ'S WHOLESALE CLUB INC.,

                               Defendant.
---------------------------------------- X

SUMMONS
Index No.: 23010/16E
Date purchased 5/3/16

Plaintiff designates
BRONX County
As the Place of Trial

Basis of Venue is
The Plaintiff's Residence

INSYNC

To the above named Defendant(s)

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action, and to serve a copy of your answer, or if the complaint is not served with this summons, to serve notice of appearance, on the Plaintiff's Attorney within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated:    New York, New York
             April 22, 2016

                                                ERIC H. MORRISON, ESQ.
                                                MORRISON & WAGNER, LLP
                                                Attorneys for Plaintiff
                                                49 West 38th Street, 15th Fl.
                                                New York, New York 10018
                                                (212) 343-8000

Defendant(s) Address

BJ'S WHOLESALE CLUB INC.
c/o CT Corporation System
111 Eighth Avenue (13 FL)
New York, New York 10011

1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------X
SONIA QUINTEROS,

         Plaintiff,

  - against -

BJ'S WHOLESALE CLUB INC.,

         Defendant.
------------------------------------------X

**VERIFIED COMPLAINT**

Index No.: 23010/16E

  Plaintiff, as and for her Verified Complaint, complaining of the Defendant, by her attorney, MORRISON & WAGNER, LLP, alleges and states as follows:

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF SONIA QUINTEROS

  1. That at all times herein mentioned, Plaintiff, **SONIA QUINTEROS**, was and still is a resident of the County of BRONX, City and State of New York.

  2. Upon information and belief, that at all times hereinafter mentioned, the defendant, **BJ'S WHOLESALE CLUB INC.**, was and is a domestic corporation duly organized, existing and authorized under and by virtue of the Laws of the State of New York.

  3. Upon information and belief, that at all times hereinafter mentioned, the defendant, **BJ'S WHOLESALE CLUB INC.**, was and is a foreign business corporation licensed to do business

in the State of New York, pursuant to the Laws of the State of New York.

4. Upon information and belief, that at all times hereinafter mentioned, the defendant, **BJ'S WHOLESALE CLUB INC.**, was and is a foreign corporation not authorized to do business in the State of New York, but, nevertheless, was and is doing business on a regular basis in the State of New York.

5. Upon information and belief, that at all times hereinafter mentioned, the defendant, **BJ'S WHOLESALE CLUB INC.**, solicits business in the State of New York.

6. Upon information and belief, that at all times hereinafter mentioned, the defendant, **BJ'S WHOLESALE CLUB INC.**, expects its acts and business activities to have consequences within the State of New York.

7. That at all times herein mentioned, the Defendant, **BJ'S WHOLESALE CLUB INC.**, owned the premises located at 825 Pelham Parkway, Pelham Manor, New York in the County of BRONX, City and State of New York.

8. That at all times herein mentioned, the Defendant, **BJ'S WHOLESALE CLUB INC.**, rented the premises located at 825 Pelham Parkway, Pelham Manor, New York in the County of BRONX, City and State of New York.

9. That at all times herein mentioned, the Defendant, **BJ'S WHOLESALE CLUB INC.**, leased the premises located at 825

Pelham Parkway, Pelham Manor, New York in the County of BRONX, City and State of New York.

10. That at all times herein mentioned, the Defendant, **BJ'S WHOLESALE CLUB INC.**, by their agents, servants and/or employees, operated the aforesaid premises.

11. That at all times herein mentioned, the Defendant, **BJ'S WHOLESALE CLUB INC.**, by their agents, servants and/or employees, had a duty to properly operate the aforesaid premises.

12. That at all times herein mentioned, the Defendant, **BJ'S WHOLESALE CLUB INC.**, by their agents, servants and/or employees, failed to properly operate the aforesaid premises.

13. That at all times herein mentioned, the Defendant, **BJ'S WHOLESALE CLUB INC.**, by their agents, servants and/or employees, managed the aforesaid premises.

14. That at all times herein mentioned, the Defendant, **BJ'S WHOLESALE CLUB INC.**, by their agents, servants and/or employees, had a duty to properly manage the aforesaid premises.

15. That at all times herein mentioned, the Defendant, **BJ'S WHOLESALE CLUB INC.**, by their agents, servants and/or employees, failed to properly manage the aforesaid premises.

16. That at all times herein mentioned, the Defendant, **BJ'S WHOLESALE CLUB INC.**, by their agents, servants and/or employees, maintained the aforesaid premises.

17. That at all times herein mentioned, the Defendant,

BJ'S WHOLESALE CLUB INC., by their agents, servants and/or employees, had a duty to properly maintain the aforesaid premises.

18. That at all times herein mentioned, the Defendant, BJ'S WHOLESALE CLUB INC., by their agents, servants and/or employees, failed to properly maintain the aforesaid premises.

19. That at all times herein mentioned, the defendant, BJ'S WHOLESALE CLUB INC., by their agents, servants and/or employees, controlled the aforesaid premises.

20. That at all times herein mentioned, the Defendant, BJ'S WHOLESALE CLUB INC., by their agents, servants and/or employees, had a duty to properly control the aforesaid premises.

21. That at all times herein mentioned, the Defendant, BJ'S WHOLESALE CLUB INC., by their agents, servants and/or employees, failed to properly control the aforesaid premises.

22. That at all times herein mentioned, the Defendant, BJ'S WHOLESALE CLUB INC., by their agents, servants and/or employees, inspected the aforesaid premises.

23. That at all times herein mentioned, the Defendant, BJ'S WHOLESALE CLUB INC., by their agents, servants and/or employees, had a duty to properly inspect the aforesaid premises.

24. That at all times herein mentioned, the Defendant, BJ'S WHOLESALE CLUB INC., by their agents, servants and/or employees, failed to inspect the aforesaid premises.

25. That at all times herein mentioned, the Defendant,

BJ'S WHOLESALE CLUB INC., by their agents, servants and/or employees, supervised the aforesaid premises.

26. That at all times herein mentioned, the Defendant, **BJ'S WHOLESALE CLUB INC.**, by their agents, servants and/or employees, had a duty to properly supervise the aforesaid premises.

27. That at all times herein mentioned, the Defendant, **BJ'S WHOLESALE CLUB INC.**, by their agents, servants and/or employees, failed to properly supervise the aforesaid premises.

28. That at all times herein mentioned, the Defendant, **BJ'S WHOLESALE CLUB INC.**, by their agents, servants and/or employees, allowed said premises to remain in a dangerous, defective, and/or hazardous condition.

29. That at all times herein mentioned, the Defendant, **BJ'S WHOLESALE CLUB INC.**, by their agents, servants and/or employees, had knowingly allowed the premises to remain in a dangerous and hazardous condition.

30. That at all times herein mentioned, the Defendant, **BJ'S WHOLESALE CLUB INC.**, by their agents, servants and/or employees, caused and/or permitted a dangerous condition on the aforesaid premises.

31. That at all times herein mentioned, the Defendant, **BJ'S WHOLESALE CLUB INC.**, by their agents, servants and/or employees, failed to properly keep the aforesaid premises in a

safe and clean manner for customer to pass.

32. That on or about May 2013, Plaintiff, **SONIA QUINTEROS**, was a lawful customer at the aforesaid premises.

33. That on or about May 2013, Plaintiff, **SONIA QUINTEROS**, was caused to sustain serious and severe personal injuries as a result of getting struck by a shopping cart at the aforesaid premises.

34. That solely by reason of the negligence, recklessness and carelessness of the defendant, its agents, servants, and/or employees as aforesaid, Plaintiff, **SONIA QUINTEROS**, became sick, sore, lame, bruised and disabled; received serious permanent and severe injuries in and about diverse parts of her person; experienced great pain and suffering and continues to suffer from said injuries, that said Plaintiff, **SONIA QUINTEROS**, has been informed and verily believes said injuries to be a permanent nature and Plaintiff is and will be incapacitated for a long period of time, and Plaintiff was compelled to and did seek medical aid, attention and treatment and care and will be compelled to do so in the future and Plaintiff, **SONIA QUINTEROS**, was in other ways damaged.

35. That the occurrence was caused solely by the negligence, recklessness, and carelessness of the Defendant herein, its agents, servants, and/or employees, without any negligence on the part of the Plaintiff contributing thereto.

36. This action falls within one or more of the exceptions set forth in Article 16 of the CPLR.

That by reason of the foregoing, the Plaintiff, **SONIA QUINTEROS**, has been damaged in an amount which exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction and said amount is to be determined by this Honorable Court, all together with costs and disbursements of this action.

**WHEREFORE**, the plaintiff demands judgment against the defendant **In the First Cause of Action**, in an amount which exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction and said amount is to be determined by this Honorable Court all together with the costs and disbursements of this action.

Dated:   New York, New York
         April 22, 2016

                                                Yours, etc.

                                                ERIC H. MORRISON, ESQ.
                                                **MORRISON & WAGNER, LLP**
                                                Attorneys for the Plaintiff
                                                49 West 38th Street, 15th Fl.
                                                New York, New York 10018
                                                (212) 343-8000

8

STATE OF NEW YORK, COUNTY OF NEW YORK:

I, ERIC H. MORRISON, the undersigned, am an attorney admitted to practice in the Courts of New York State, and say that I am the attorney of record, or of counsel with the attorney(s) of record, for the plaintiff(s) herein. I have read the annexed Summons and Complaint and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following:
Telephone conversations with the plaintiff
review of documents in file.

The reason I make this affirmation instead of plaintiff(s) is because the plaintiff(s) reside in a county other than where your affirmant maintains his office.

I affirm that the foregoing statements are true under penalties of perjury.

Dated:   New York, New York
         April 22, 2016

_____
ERIC H. MORRISON

Index No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
===========================================================
SONIA QUINTEROS,

                        Plaintiff,

        -against-


BJ'S WHOLESALE CLUB, INC.,

                        Defendant.

===========================================================
## VERIFIED SUMMONS AND COMPLAINT
===========================================================

**MORRISON & WAGNER, LLP**

*Attorneys at Law*

*Attorneys for Plaintiff(s)*

49 West 38th Street, 15th Floor
New York, New York 10018
(212) 343-8000

===========================================================

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

*Dated:*_____         *Signature*_____
                                        *Print Signer's Name*_____
*Service of a copy of the within*           *is hereby admitted.*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------x
SONIA QUINTEROS

                Plaintiff(s)/Petitioner(s),         Index No. 23010/16E

      - against -
BJ'S WHOLESALE CLUB INC.,

                Defendant(s)/Respondent(s).
-----------------------------------------------------------x

## NOTICE REGARDING AVAILABILITY OF ELECTRONIC FILING
## SUPREME COURT CASES

      PLEASE TAKE NOTICE that plaintiff(s)/petitioner(s) [defendant(s)/respondent(s)] in the case captioned above intends that this matter proceed as an electronically-filed case in the New York State Courts Electronic Filing System ("NYSCEF") in accordance with the procedures therefor, set forth in Uniform Rule 202.5-b and described below. Under that Rule, filing and service of papers by electronic means cannot be made by a party nor can electronic service be made upon a party unless that party has consented to use of the System for the case in question. Within ten days after service of this Notice, each party served should indicate whether or not it consents to electronic filing and service through NYSCEF for this case. (See Instruction # 2 below.)

### General Information

      Electronic filing offers significant benefits for attorneys and litigants, permitting documents to be filed with the County Clerk and the court and served, between or among consenting parties, by posting the documents on the NYSCEF Website, which can be done at any time of the day or night on any day of the week. There is no fee to use the NYSCEF System, whether for filing, service, or consultation of the electronic docket, nor is there a charge to print documents from the docket. Normal filing fees must be paid, but this can be done by credit or debit card on-line. For additional procedures and information, see Uniform Rule 202.5-b, any e-filing protocol that may have been promulgated by the court in question, and the NYSCEF Website at www.nycourts.gov/efile.

## Instructions

1. Service of this Notice constitutes consent to e-filing and a statement of intent by the undersigned to use the NYSCEF System in this case. When an action or proceeding is being commenced through the NYSCEF System, this Notice must accompany service of the initiating papers.

2. **Within ten days after service of this Notice**, the party served should consent to e-filing either: (i) by filing with the court and serving on all parties of record a consent to e-filing, or (ii) if the party or attorney of record is an authorized e-filing user, by filing the consent electronically in the manner provided at the NYSCEF site. If one party or some but fewer than all parties consent, NYSCEF may be used by and between or among consenting parties.

3. Each participating attorney, unless already registered, or self-represented party must **PROMPTLY** complete a Filing User Registration form (see the "Forms" section of the Website) and submit it to the NYSCEF Resource Center (efile@courts.state.ny.us) in order to obtain the confidential Filing User Identification Number and Password necessary to use the system.

4. For additional information about NYSCEF, see the *User's Manual* and *Frequently Asked Questions* on the Website, or contact the court in question or the NYSCEF Resource Center (at 646-386-3033 or efile@courts.state.ny.us).

Dated: 5/4/2016

ERIC H MORRISON (Name)
MORRISON & WAGNER LLP (Firm)
49 WEST 38TH ST (15TH FL) NEW YORK NY 10018 (Address)
212 343-8000 (Phone)
(Fax)
(E-Mail)

Attorney(s) for PLAINTIFF

4/14/11

2